In the Matter of the Dissolution of the Marriage of
STACEY, *Respondent,*
*and*
STACEY, *Appellant.*
(No. 75-810 E, CA 6798)
559 P2d 1329

Sam A. McKeen, Klamath Falls, argued the cause and filed the briefs for appellant.

Richard J. Smith, Klamath Falls, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

JOHNSON, J.

**JOHNSON, J.**

Husband appeals the property division under the dissolution of marriage decree. Parties were married almost 17 years and have two children, ages 16 and 13. The husband is now 35, the wife 34. The marital assets consist of a ranch, which includes the family residence, and miscellaneous personal property. The lower court ordered that the property be divided equally with the parties holding the ranch as tenants in common. The wife is to have the exclusive right to occupy and operate the ranch for a period not to exceed three years, after which the property is to be sold and the proceeds divided. The ranch was acquired in 1972 with the proceeds from settlement of the husband's 100 percent disability claim for injuries from an industrial accident. By virtue of his disability, he and the children receive social security benefits. There is some dispute as to the degree of the husband's disability, but the husband concedes that he suffers from epilepsy and is at least partially disabled. The husband left the home and ranch one year prior to the decree and the wife has been operating the ranch with the assistance of the two children. Husband does not contest the division of property, but assigns as error the court order giving the wife control for three years.

On de novo review we conclude that the trial court's disposition of the assets was just and equitable. The wife is capable of operating the ranch and apparently the three year provision was intended to continue a stable home environment for the minor children. The trial court's decree imposes conditions on the wife's management of the ranch which adequately protect the husband's interest.

Appellant's other assignment of error concerning the admission into evidence of an exhibit is without merit, since husband's counsel joined in offering the exhibit.

Affirmed. Costs to respondent.